UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD VILLA INTERFAITH HOUSING CORPORATION, a California non-profit public benefit corporation,<br><br>            Plaintiff and Counter-Defendant,<br><br>v.<br><br>NATIONWIDE AFFORDABLE HOUSING FUND 33, LLC, an Ohio limited liability company, and SCDC, LLC, an Ohio limited liability company,<br><br>            Defendants and Counterclaimants,<br><br> and<br><br>REDWOOD VILLA SENIOR HOUSING PARTNERS, L.P., a California limited partnership,<br><br>            Nominal Defendant. | Case No.: 24-cv-00233-AJB-JLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM**<br><br>**(Doc. No. 30)** |

Before the Court is Defendants Nationwide Affordable Housing Fund 33, LLC, ("Nationwide") and SCDC, LLC's ("SCDC") (collectively, "Defendants" or "Limited Partners") motion for leave to file first amended counterclaim pursuant to Federal Rules of Civil Procedure 15(a)(2) and Civil Local Rule 7.2. (Doc. No. 30.) Plaintiff Redwood Villa Interfaith Housing Corporation ("Plaintiff" or "Redwood") filed an opposition, (Doc. No. 32), to which Defendants replied, (Doc. No. 33). For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

This action concerns a dispute regarding an affordable housing partnership agreement between Redwood and the Limited Partners, Nationwide and SCDC. (Doc. No. 1-2 ¶¶ 1–137.) The Amended and Restated Agreement of Limited Partnership ("LPA"), dated September 1, 2007, as amended, governs the parties' agreement. (Doc. No. 1-2 ¶ 6; *id.* at 45–147.) On December 29, 2023, Plaintiff filed a complaint in San Diego County Superior Court, seeking a declaratory judgment, damages from Defendants' alleged breach of the LPA's implied covenant of good faith and fair dealing, and specific performance requiring the conveyance of property to Plaintiff in accordance with Plaintiff's right of first refusal in the LPA. (Doc. No. 1-2 at 42.) Defendants timely removed the complaint to federal court, (Doc. No. 1), and submitted an answer, affirmative defenses, and counterclaims to the Complaint, (Doc. No. 14). Defendants initially brought four counterclaims for (1) declaratory relief, (2) breach of contract, (3) breach of fiduciary duty, and (4) breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 39–59.) Plaintiff responded to Defendants' answer and counterclaims. (Doc. No. 18.) On May 2, 2024, Defendants filed the instant motion for leave to file a first amended counterclaim. (Doc. No. 30.)

## II. LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure,[1] "a party may amend

---

[1] All references to Rule or Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

its pleading only with the opposing party's written consent or the court's leave" after the time for amendment as a matter of course has expired. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990))).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight[; rather,] it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

### III.  DISCUSSION

Defendants Nationwide and SCDC seek to amend their counterclaim by adding (1) a further request for declaratory relief, (2) a second breach of contract claim alleging that Plaintiff breached an option contract between the parties, (3) and a claim that Plaintiff breached the implied covenant of good faith and fear dealing of the alleged option contract. (Doc. No. 30-3 ¶¶ 49, 50, 55, 62–66, 75–78.) Defendants argue leave should be granted because the motion was timely filed largely before the start of discovery, the amendments are requested in good faith, no prior amendment has been requested, the proposed

amendments will not unduly prejudice Plaintiff, and the proposed amendments are not futile. (Doc. No. 30-1.)

In opposition, Plaintiff does not assert any arguments regarding bad faith, undue delay, undue prejudice, or the number of prior amendments. (*See generally* Doc. No. 32.) Rather, Plaintiff solely opposes the instant motion on the grounds that it is futile. (*Id.*) Specifically, Plaintiff argues that the amended counterclaim is futile because Defendants fail to sufficiently allege (1) the existence of an option contract, (2) Defendants' performance of conditions precedent, (3) Plaintiff's breach or repudiation of its obligations under the LPA or any other contract, and (4) damages. The Court addresses the parties' arguments and each factor in turn.

First, there is no dispute that Defendants have not previously sought to amend their counterclaims. Second, the Court accepts Defendants' assertions that the instant motion was not brought in bad faith. Third, Defendants filed their motion by the deadline provided by the Court. (*See* Doc. No. 29.) Fourth, and most importantly, there are no allegations that granting leave to amend would unduly prejudice Plaintiff, and Plaintiff failed to argue prejudice. (*See generally* Doc. No. 32.) Having reviewed the proposed amendments, Defendants' amended counterclaims distinguish between two alleged separate contractual agreements, both arising from the same common set of facts that Defendants assert, and Plaintiff does not dispute, are generally known to Plaintiff. (*See* Doc. Nos. 30-1 at 3; 30-2 ¶ 4.) The Court does not find that granting leave to amend would unduly prejudice Plaintiff.

Regarding futility, "amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff asks the Court to delve into the merits of the proposed amended counterclaim, in essence holding a motion for leave to amend under Rule 15 up to the standard for a Rule 12(b)(6) motion to dismiss. The Court declines to do so as it contradicts the letter and spirit of Rule 15. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend

on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) ("Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment."). The Court notes that Defendants have alleged additional facts, such as the October 9, 2023, "Notice of Option Exercise" letter sent by Plaintiff's President, Matthew Jumper, to the Limited Partners, (*see* Doc. No. 30-3 ¶ 24; *id.* at 149–50, Ex. 3), prior to the Plaintiff's December 20, 2023, "Notice of Exercise of Right of First Refusal and Disposition Notice" letter, that make it not clear that amendment is futile.

As such, Plaintiff has failed to meet its burden to demonstrate why leave should be denied.

## IV. CONCLUSION

Considering leave should be freely given and for the reasons stated herein, the Court **GRANTS** Defendant's motion for leave to file a First Amended Counterclaim. Defendants must file the First Amended Counterclaim no later than **December 12, 2024**. (Doc. No. 30-3.) Any pleadings responsive to the First Amended Counterclaim must be filed no later than **thirty (30) days** following the filing of the First Amended Counterclaim.

**IT IS SO ORDERED**.

Dated:  December 4, 2024

Hon. Anthony J. Battaglia
United States District Judge