UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD VILLA INTERFAITH HOUSING CORPORATION, a California non-profit public benefit corporation,<br><br>           Plaintiff/Counter-Defendant,<br><br>v.<br><br>NATIONWIDE AFFORDABLE HOUSING FUND 33, LLC, an Ohio limited liability company, and SCDC, LLC, an Ohio limited liability company,<br><br>           Defendants/Counterclaimants,<br><br>and<br><br>REDWOOD VILLA SENIOR HOUSING PARTNERS, L.P., a California limited partnership,<br><br>           Nominal Defendant. | Case No.: 24-cv-233-AJB-JLB<br><br>**ORDER RE SEALING DOCUMENTS FILED IN CONNECTION WITH THE PENDING MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Doc. No. 56)** |

//

## I. BACKGROUND

At issue is the permanent sealing of the nine exhibits containing documents and testimony (collectively, the "Documents") designated as confidential under the Protective Order and related to the pending summary judgment motions. (Doc. No. 56 at 2.) The Documents are listed below.

1. Ex. 64 to the Deposition of Aaron Reule – NAHF33_0001000
2. Ex. 81 to the Deposition of Robert McGehee – NAHF33_0003124 and its attachments
3. Ex. 84 to the Deposition of Jeffrey Morgan – NAHF33_0007311
4. Ex. 85 to the Deposition of Jeffrey Morgan – NAHF33_0007272
5. Ex. 86 to the Deposition of Jeffrey Morgan – NAHF33_0007289
6. Ex. 87 to the Deposition of Jeffrey Morgan – NAHF33_0008697
7. Ex. 96 to the Deposition of Ryan Gaslin – NMIC_REDWOOD 0000132
8. Exs. 98 and 98A to the Deposition of Ryan Gaslin – NMIC_REDWOOD0000111
9. Deposition of Ryan Gaslin at 48:7-50:2,61:11-20, 64:24-65:3, 66:9-67:8, 75:8-83:8, 84:6-85:1, 85:11-86:9, 86:6-93:19, 95:1-96:19, 97:22-106:10

(Doc. Nos. 57-1–57-9.)

Plaintiff/Counter-Defendant Redwood Village Interfaith Housing Corporation ("Plaintiff") and Defendants/Counterclaimants Nationwide Affordable Housing Fund 33, LLC, and SCDC, LLC ("Defendants") have conferred regarding the confidentiality of the documents. (Doc. No. 56 at 4.) Plaintiff opposes permanent sealing. Defendants maintain they should remain sealed. (*Id*.) The matter is fully briefed. (Doc. Nos. 66, 67.) For the reasons stated below, the Court **DENIES** permanent sealing of the Documents.

## II. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. The showing required to satisfy this burden depends, not merely on whether the motion to which the documents relate are dispositive or nondispositive, but rather, "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98, 1102 (concluding that "the plaintiffs' motion for preliminary injunction is more than tangentially related to the merits"). If the underlying motion does not pass the "more than tangentially related" threshold, the "good cause" standard applies. *Id.* at 1096–98.

### III.   DISCUSSION

Here, because the Documents to be sealed are filed in connection with the pending motions for summary judgment, they are more than tangentially related to the merits of the case. (Doc. No. 56 at 2.) Thus, the "compelling reasons" standard applies.[1] *See Ctr. for Auto Safety,* 809 F.3d at 1102; *Kamakana*, 447 F.3d at 1179. This is so even if the Documents "were previously filed under seal or protective order." *Id.*

Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing exist when the documents at issue may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (internal quotation marks and citation omitted).

---

[1] The parties do not contend otherwise.

Upon review of Defendants' brief and declaration in support of permanent sealing, the Court finds they have not met their burden to "articulate compelling reasons supported by specific factual findings" which "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal alterations, quotation marks, and citation omitted).

To begin, Plaintiff asserts that this case concerns matters of substantial public interest and is one of many disputes nationwide in recent years concerning affordable housing developed under the federal government's Low-Income Housing Tax Credit program. (Doc. Nos. 56 at 3–4; 67 at 2.) The policy favoring disclosure of records that promote understanding of the judicial process is therefore particularly present here. And Defendants' proffered reasons to overcome the strong presumption of access fall short.

In support of their permanent sealing request, Defendants contend that the Documents concern "confidential, proprietary, highly sensitive, non-public information (including financial information)" and that the disclosure of the information would affect Defendants' business strategy, finances, business transactions, future negotiations, and transactions. (Doc. No. 66 at 7.) Aside from this conclusory assertion, however, Defendants have not identified or explained what in the exhibits are non-public, proprietary, or highly sensitive. *See Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.").

Nor have Defendants explained, with specific facts or examples, how their asserted harms would result. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not satisfy even the lower standard of good cause). The Documents comprise nearly 200 pages. It is not the Court's job to comb through each page in search of information that would be subject to improper use. And "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure

to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

For the foregoing reasons, the Court finds that Defendants have not met the "high threshold" of showing that "compelling reasons" justify permanent sealing of the Documents. *Kamakana*, 447 F.3d at 1180. In the absence of compelling reasons, the Court cannot grant permanent sealing.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **DENIES WITHOUT PREJUDICE** the request for permanent sealing of the Documents. Defendants may file a renewed motion to seal, no later than August 14, 2025. The renewed motion must fully address the "compelling reasons" standard—i.e., identify which lines, pages, or sections of the Documents must be redacted, describe the sensitive nature of that material, and explain how a specific harm would result from disclosure of each. The Court will consider a timely renewed motion before a final ruling. If no renewed motion is timely filed, the Court will instruct the Clerk to file Defendants' unredacted Documents (Doc. No. 57) on the docket.

**IT IS SO ORDERED**.

Dated: August 7, 2025

Hon. Anthony J. Battaglia
United States District Judge